**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
GENESIS TORRES

                        Plaintiff,

    -against-

UNIBUD RESTORATION CORP.,
KRZYSTOF ZAGROBA, individually,
ROBERT ZAWADSKI, individually, and
CARLOS URIBE, individually.

                        Defendants.
--------------------------------------------------------x

**Case No: 22-cv-1191**

**COMPLAINT**

Plaintiff Demands
A Trial By Jury

Plaintiff, GENESIS TORRES, by and through her attorneys DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants UNIBUD RESTORATION CORP., KRZYSTOF ZAGROBA, individually, ROBERT ZAWADSKI, individually, and CARLOS URIBE, individually, (collectively referred to as "Defendants,") upon information and belief as follows:

## NATURE OF CASE

Plaintiff, GENESIS TORRES, complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the Administrative Code of the City of New York and the laws of the State of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367, seeking declaratory relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, sex/gender discrimination, hostile work environment, sexual harassment and constructive discharge and violations of New York's Wage Theft Prevention Act by Defendants.

## JURISDICTION AND VENUE

1. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

2. Additionally, the Court has supplemental jurisdiction under the State and City laws of New York.

3. Venue is proper in this court, as the events giving rise to this action arose in New York County, within the Southern District of New York.

## PARTIES

1. At all times material, Plaintiff Genesis Torres ("TORRES" or "PLAINTIFF") was and is an individual female, residing in the State of New York, Queens County.

2. At all times material, Defendant UNIBUD RESTORATION CORP. (hereinafter referred to as "UNIBUD") was and is a domestic business corporation duly existing by the virtue and laws of the state of New York.

3. At all times material, Defendant CARLOS URIBE ("URIBE") was a Supervisor/Foreman employed by Defendants, UNIBUD, ZAWADSKI and ZAGROBA, and was Plaintiff's direct supervisor.

4. At all times material, Defendant URIBE held the authority to hire and fire Plaintiff and direct the job duties of Plaintiff.

5. At all times material, ROBERT ZAWADSKI ("ZAWADSKI") was and still is one of the owners of Defendant UNIBUD, and held the authority to hire and fire Plaintiff and direct the job duties of Plaintiff.

6. At all times material, KRZYSTOF ZAGROBA ("ZAGROBA") was and still is one of the owners of Defendant UNIBUD and held the authority to hire and fire Plaintiff and direct the job duties of Plaintiff.

7. At all times material, CESAR CASTIBLANCO was a Foreman jointly employed by Defendants, UNIBUD, ZAGROBA and ZAWADSKI, and was Plaintiff's supervisor, and held the authority to hire and fire Plaintiff and direct the job duties of Plaintiff.

## STATEMENT OF FACT

1. In or around April of 2019, Defendant hired Plaintiff as a laborer.

2. From the beginning of her employment with Defendant, Defendant's Supervisor URIBE would leer at Plaintiff and make her feel uncomfortable during his visits to the job sites.

3. Plaintiff did her best to remain cordial and avoid any extended direct contact with URIBE. On or about April 15, 2019, at 4:56 AM, Defendant supervisor URIBE started sending Plaintiff text messages and asked her what she was doing. Claimant, shocked at the time of the message, responded by asking URIBE what was wrong.

4. The content of the text messages URIBE sent to Plaintiff immediately became vulgar, and sent highly inappropriate sexual propositions.

5. By way of example, URIBE responded *"What are you doing baby? Come to my house. I have a desire for you.*[1]*"*

6. Claimant, shocked and insulted, asked URIBE why he was talking to her in this manner because she had only been working for him for a couple of weeks and he barely knew her.

---

[1] These text messages were sent primarily in Spanish and have been translated into English for the purpose of this Complaint. Screen shots depicting some of the messages and missed calls Defendant URIBE sent to Plaintiff are attached hereto as "ATTACHMENT 1"

7. URIBE, ignoring Claimant's question, told Plaintiff *"You don't know how bad I have a desire for you. Let me see that little pussy. Come here Genesis."*

8. Plaintiff responded by telling URIBE that he was being disrespectful.

9. URIBE stated again *"I have a desire for you."*

10. Claimant, shocked, disgusted, embarrassed and in fear for her job wished URIBE a good day and said goodbye.

11. URIBE persisted, telling Plaintiff *"Come over. I want that pussy. What a pussy."*

12. In the midst of all these text messages, URIBE also made over 15 phone calls to Claimant.

13. Plaintiff told URIBE to stop calling her because she did not want her husband to get the wrong idea and cause marital problems between them.

14. URIBE continued to ignore Claimant's complaints about URIBE' constant and highly inappropriate communications and kept on, sending her his address and telling her *"Let's party together. You have a pretty little face. You don't know how bad I have a desire for you. I want that pussy."*

15. Following these messages from Defendant URIBE Plaintiff became extremely fearful for her personal safety and for her livelihood. Plaintiff was extremely concerned that since she went to work and came home alone that one day URIBE might follow her home. Additionally, Plaintiff was fearful for the security of her job because she rebuffed Defendant URIBE's sexual advances.

16. Fearful and not knowing what to do, Plaintiff approached Defendants' Foreman CASTIBLANCO and showed him the various missed phone calls, WhatsApp messages and text messages that she had been receiving from Defendant URIBE.

17. Subsequently, no corrective or remedial action was taken by Defendants to stop the ongoing and unwanted sexual harassment Defendant URIBE was engaging in against Plaintiff.

18. At all times material, at the end of each work week, Defendant ZAWADSKI, drove to the worksite and paid Plaintiff and other laborers in cash.

19. Defendants never provided wage statements to Plaintiff.

20. Around May 2019, Plaintiff showed the text messages and numerous late-night missed calls from Defendant URIBE to Defendant ZAWADSKI.

21. Subsequently, no corrective or remedial action was taken by Defendants to stop the ongoing and unwanted sexual harassment Defendant URIBE was engaging in against Plaintiff.

22. Defendant UNIBUD was Plaintiff's direct employer

23. Defendants discriminated against Plaintiff because of her sex and terminated Plaintiff because of her sex and because she complained.

24. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

25. As a result of Defendant's discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

26. As a result of Defendant's unlawful and discriminatory actions, Plaintiff became so physically and emotionally distressed that she is having difficulty eating and sleeping.

27. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured unwarranted financial hardships and irreparable damage to her professional reputation.

28. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

29. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

30. The above are just some of the examples of unlawful, discriminatory, and retaliatory conduct to which Defendant subjected Plaintiff.

31. Defendant's conduct constitutes a continuing violation. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendant)

32. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

33. Title VII states in relevant part as follows:

    "(a) Employer practices:

    It shall be an unlawful employment practice for an employer:

    (1)   to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

34. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex and gender.

35. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by terminating and otherwise discriminating against Plaintiff as set forth herein because of Plaintiff's sex and gender.

**AS A SECOND CAUSE OF ACTION FOR
RETALIATION UNDER TITLE VII
<u>(Not Against Individual Defendants)</u>**

36. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this Complaint.

37. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

38. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

39. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title

**AS A THIRD CAUSE OF ACTION
FOR DISCRIMINATION UNDER
NEW YORK STATE LAW
<u>(Against All Defendants)</u>**

40. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

41. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital

status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

42. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her sex/gender and by creating a hostile work environment.

**AS A FOURTH CAUSE OF ACTION
FOR AIDING & ABETTING UNDER
NEW YORK STATE LAW
(Against All Defendants)**

43. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

44. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

45. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

**AS A FIFTH CAUSE OF ACTION
FOR RETALIATION UNDER
NEW YORK STATE LAW
(Against All Defendants)**

46. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

47. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this

article."

48. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against the Plaintiff.

**AS A SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW - FAILURE TO PROVIDE PROPER WAGE STATEMENTS**
**IN VIOLATION OF NEW YORK'S WAGE THEFT PREVENTION ACT**
**(Not Against Individual Defendant)**

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendants have willfully failed to furnish Plaintiff with wage notices as required by NYLL, Article 6, §195(3), listing: the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of the employer; rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

51. Through their knowing or intentional failure to provide Plaintiff with the wage statements as required by the NYLL, Defendant has willfully violated the NYLL, Article 6, §§ 190 et seq. and the supporting New York State Department of Labor Regulations.

52. Due to Defendants' willful violations of the NYLL, Article 6, § 195(3), Plaintiff is entitled to recover statutory penalties of two hundred and fifty dollars for each work week that Defendant failed to provide Plaintiff with proper wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**AS A SEVENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(Against All Defendants)**

53. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

54. The Administrative Code of City of NY §8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

55. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions by her employer, *inter alia*, on the basis of her sex/gender, and wrongful termination.

**AS AN EIGHTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(Against All Defendants)**

56. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

57. The New York City Administrative Code Tide 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…."

58. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(7) by discriminating against Plaintiff because of her

opposition to the unlawful employment practices of Defendants as Plaintiff's employer.

**AS A NINTH CAUSE OF ACTION**
**FOR AIDING AND ABETTING UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**<u>(Against All Defendants)</u>**

59. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

60. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

61. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**AS A TENTH CAUSE OF ACTION**
**FOR VIOLATION OF RIGHTS PROTECTED UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**<u>(Against All Defendants)</u>**

62. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

63. Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

64. Defendants violated the above section as set forth herein.

### AS AN ELEVENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

65. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

66. Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section. b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

67. Defendants violated the above section as set forth herein.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues to be tried.

Dated: February 11, 2022
New York, New York

**DEREK SMITH LAW GROUP, PLLC**

By:     **/s/ Seamus Barrett**

Seamus Barrett, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760